IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY BOONE #480008 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv242 |
| VIRGINIA BUCHANAN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Jeffrey Boone, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Boone complained of an incident which occurred on March 3, 2006, in which he was overcome with pain in his cell, and was taunted by officers Driskell, Purvis, and Young. After the officers taunted him, they called Nurse Charlotte Bussey, who told him that she did not believe him and that if he did not get up, he would be refusing medical care. The officers also poured water on him with a fire hose. In more general terms, Boone complained that prison officials were deliberately indifferent to his serious medical needs by failing to secure effective treatment for him.

After an evidentiary hearing, the Magistrate Judge issued a Report on February 1, 2008, recommending that the lawsuit be dismissed. The Magistrate Judge concluded that the officers involved in the March 3, 2006 incident were not deliberately indifferent to his serious medical needs because they summoned a nurse within a relatively short period of time, and Boone was removed from his cell and taken for medical help within an hour; the Magistrate Judge stated that any claims which Boone may have regarding a use of force lacked merit. The Magistrate Judge noted that the taunting and abuse directed at Boone was improper, but that such actions did not rise to the level of

a constitutional violation. The Magistrate Judge also reviewed Boone's medical records and concluded that Boone had received a significant amount of medical care, including numerous tests such as an ultrasound and a CT scan, repeated trips to the hospital in Galveston, and the prescription of several different types of medication in an effort to treat his complaints and ailments. The Magistrate Judge therefore recommended that Boone's lawsuit be dismissed.

Boone filed objections to the Magistrate Judge's Report on March 6, 2008. In his objections, he says that he did not accuse the officers involved in the March 6 incident of a use of force, but that his complaint was that the officers, and Nurse Bussey, delayed in providing medical care for him. However, Boone himself says that a period of only about 45 minutes elapsed before medical treatment was obtained for him. While 45 minutes may well have seemed like an excruciatingly long period of time to Boone, suffering an attack of pain in his cell and being taunted by guards, that time period is simply not that long, and a delay of that duration does not show a constitutional violation.[1]

Similarly, Boone complains that Nurse Bussey "conformed to the taunting" and laughed at him. The directing of abuse toward Boone was improper, as the Magistrate Judge acknowledged, but does not show a constitutional violation. *See* Bender v. Brumley, 1 F.3d 271, 274 n.3 (5th Cir. 1993). As noted above, Boone was seen by medical personnel within an hour, and so he has failed to show any constitutional violation in the delay in medical care.

Boone says that while he had not yet been diagnosed with H.pylori or irritable bowel syndrome in March of 2006, he had been diagnosed with "chronic constipation." However, his claim is that when he was examined, the medical provider found nothing wrong with him and returned him to his cell. He has not shown that the provider was deliberately indifferent rather than merely negligent or mistaken. His claim on this point is without merit.

Finally, Boone says that the Magistrate Judge concluded that because he has been seen on many occasions, the medical personnel were not deliberately indifferent; he complains that

---

[1] In November of 2006, the average wait time in a free-world emergency room was three hours and 42 minutes. *See* http://www.msnbc.msn.com/id/15817906/.

the Magistrate Judge failed to appoint an independent medical doctor to assess the quality or the quantum of medical treatment given, and so the Magistrate Judge "cannot say that the plaintiff was not intentionally mistreated." No case has held that appointment of an independent medical expert is required for a determination in whether or not a prisoner has been the victim of deliberate indifference to a serious medical need. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of March, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**